UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:11-cr-02-TRM-SKL-1 |
| | ) |
| MURIEL L. DAVIS | ) |

## **REPORT AND RECOMMENDATION**

Before the Court is Defendant Muriel L. Davis' motion, which is filed pro se and seeks to have her records in this criminal case "sealed, suspended, or closed for the purpose of obtaining employment so that I can continue to improve and use[] my talents in a meaningful way." [Doc. 52]. This motion was construed as a motion to seal/expunge Defendant's criminal record in this case,[1] and the United States was ordered to respond to the motion. The United States filed a timely

---

[1] At least with respect to criminal cases, a request to seal and a request to expunge are functionally equivalent. *See, e.g., United States v. Haslett*, No. 2:83-CR-37-1, 2009 WL 819004, at *3 (S.D. Ohio Mar. 26, 2009) (denying motion to expunge where the defendant sought to seal his criminal records due to the potential impact of the conviction on his plans to start a business); *United States v. Coloian*, 480 F.3d 47, 48 n.2 (1st Cir. 2007) ("The word 'expunge' generally refers to the physical destruction of information. With respect to criminal records, expunction refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time." (citations omitted)); *United States v. Rowlands*, 451 F.3d 173, 176 (3d Cir. 2006) (holding that, "when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself," which is in essence a request for the "judicial editing of history."). Even if the motion was construed as not seeking expungement, there remains a strong presumption that the public has a right of access to judicial documents. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). While the public right of access is not absolute, Plaintiff has not shown her interests in sealing the record outweigh the presumption that judicial records are open to the public. If courts were to allow the stigma resulting from the public record of a criminal case to outweigh the public's right of access, then virtually all criminal records would be sealed.

response in opposition to the motion [Doc. 55]. Defendant did not file a reply and the time for doing so has passed. This matter is now ripe.

For cause, Defendant notes that her offense date was over ten years ago, that she successfully satisfied her prison term and completed supervised release, and that she has been a law-abiding citizen ever since.[2] She notes she is often asked to speak to youth groups to try to help prevent youth from becoming defendants in the court system. She states her record in this case has prevented employment opportunities in the corrections, security officer/guard, and early childhood education fields. Defendant explains she is seeking to seal the records so she "can continue to improve and use[] my talents in a meaningful way." [Doc. 52 at Page ID # 111]. While Defendant's rehabilitation efforts are praiseworthy, this Court does not have the authority to grant her request given the purely equitable considerations addressed in her motion.

The Government correctly argues this Court does not have jurisdiction to grant the requested relief. Federal courts are tribunals of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court acquired and retained subject matter jurisdiction to hear and resolve the criminal charges against Defendant by virtue of 18 U.S.C. § 3231, which vests district courts in the United States with jurisdiction of all offenses "against the laws of the United States." However, the Court's authority over Defendant and the charges against her terminated upon the entry of judgment. *See United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). In *Lucido*, 15 years after he was acquitted, the defendant filed a motion

---

[2] On January 25, 2011, Defendant and a co-defendant were charged in a three-count indictment. Defendant was charged with conspiracy to distribute cocaine and two related substantive counts. On June 22, 2011, Defendant pleaded guilty to the conspiracy charge. On October 3, 2011, this Court sentenced Defendant to an 18-month term of imprisonment to be followed by a three-year term of supervised release. After Defendant was released from prison, she successfully completed her term of supervised release.

2

to expunge his arrest record. The Sixth Circuit, relying on *Kokkonen*, held that since the criminal case was resolved, the district court no longer had jurisdiction and therefore could not expunge the defendant's criminal history. *Lucido*, 612 F.3d 873-78.

This Court is "permitted to entertain claims or incidental proceedings that do not satisfy the requirements of an independent basis of subject matter jurisdiction." *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014) (emphasis omitted). As relevant here, "'[a]ncillary' jurisdiction applies to related proceedings that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *Id.* (citation omitted). So, this Court has ancillary jurisdiction to expunge criminal records under some circumstances. *Id*. at 915. However, the ambit of ancillary jurisdiction to expunge is limited, and "federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations–*e.g*., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id*.

In this instance, the Court is without jurisdiction or authority to grant Defendant's request because her motion exclusively argues the equities of her situation, and not any constitutional or statutory basis for expungement or sealing. *See United States v. Rector*, No. 3:12-CR-90-TAV-HBG, 2020 WL 4341756, at *1 (E.D. Tenn. July 28, 2020) (holding federal courts generally lack equitable authority to grant motions to expunge (citing *Lucido*, 612 F.3d at 873-74 (stating that none of three potential avenues for exercising jurisdiction over a motion to expunge provided authority to do so—neither the court's original authority over defendant's criminal case under 18 U.S.C. § 3231, nor any other statute, nor jurisdiction ancillary to the court's power under § 3231); *United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017) ("I have no jurisdiction to entertain the motion [to expunge] to the extent it rests on equitable concerns," such as inability to

3

obtain or retain employment)). While the Sixth Circuit has stated that courts may exercise ancillary jurisdiction over expungement motions raising "constitutional claims or challenging an unconstitutional conviction or an illegal arrest," the reasons Defendant cites in support of relief—her inability to engage in certain work and other meaningful opportunities—does not fall into either of those exceptions. *See, e.g., id.*; *United States v. Valueland Auto Sales, Inc.*, 847 F. App'x 344, 345 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 709, 211 L. Ed. 2d 399 (2021).

Accordingly, for the reasons stated above, it is **RECOMMENDED**[3] that Defendant's motion [Doc. 52] be **DENIED**.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).